**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mirisa Ajanovic,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>O.F.F. Enterprises, Ltd.,<br><br>　　　　　　Defendant. | No. CV10-2487-PHX-DGC<br><br>**ORDER** |

Plaintiff Mirisa Ajanovic commenced this action by filing a pro se complaint against Defendant on November 17, 2010. Doc. 1. The original complaint was dismissed without prejudice for lack of subject matter jurisdiction on February 25, 2011. Doc. 4. Plaintiff filed an amended complaint on February 28, 2011. Doc. 5.

Defendant moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 10. The motion is fully briefed. Docs. 10, 12, 14. On January 11, 2012, Plaintiff filed a surreply to the motion to dismiss. Doc. 15. Defendant moves to strike the surreply. Doc. 16. For the reasons that follow, the Court will grant the motion to dismiss and deny the motion to strike.

**II.　Legal Standard.**

Dismissal is appropriate under Rule 12(b)(6) where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a complaint under Rule 12(b)(6), all allegations of material fact "are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84

F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

A court should apply less stringent pleading standards to pro se plaintiffs, such that inartful pleadings are still considered by the court. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("*Pro se* complaints are to be construed liberally and 'may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citations omitted)).

**II. Motion to Dismiss.**

Plaintiff was employed by Defendant. The amended complaint is inconsistent as to the exact date of her termination. Plaintiff alleges that her last day of service was on November 1, 2006, but that her date of discharge was on January 11, 2006. Doc. 5, at 1. Attachments to the amended complaint indicate that her date of discharge was November 15, 2006. Doc. 5, at 5.

The amended complaint does not clearly state the basis for Plaintiff's claim against Defendant. The Court agrees with Defendant that Plaintiff is likely alleging that her employment was terminated based on a disability, in violation of the Americans with Disabilities Act ("ADA"). The amended complaint refers to Plaintiff's termination by Defendant and her resulting loss of income. Doc. 5, at 2 ("[T]he employe[r] is [responsible] for [a]ll the y[e]ars that [I] wasn't ab[le] to h[e]lp financial[l]y."). The

amended complaint also references "discrimination" and "discharge[e] for having past record about disability." *Id.*

As a prerequisite to filing a suit under the ADA in this Court, Plaintiff must first file a charge with the United States Equal Employment Opportunity Commission ("EEOC") within 180 days of the date of the alleged discrimination, or within 300 days if the charge is initially filed with a designated state or local fair employment practice agency. Plaintiff may only file a suit in this Court after receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e), (f); *see also O'Loghlin v. County of Orange*, 229 F.3d 871, 876 (9th Cir. 2000) ("As a prerequisite to suit, the ADA and Title VII both require the filing of a charge and the issuance of a right-to-sue letter."). Plaintiff does not allege that she has met these requirements. Defendant claims that, to its knowledge, Plaintiff has not in fact filed the required charge with the EEOC. Doc. 10, at 2.

An EEOC charge that is filed outside of the statutory time limits may be permitted if Plaintiff can establish equitable tolling or estoppel. *See, e.g.*, *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) ("In a Title VII suit, failure to file an EEOC charge within the prescribed 300-day period is not a jurisdictional bar, but it is treated as a violation of a statute of limitations, complete with whatever defenses are available to such a violation, such as equitable tolling and estoppel."). The Court notes that Plaintiff filed her original complaint in November 2010, four years after Defendant terminated her employment. Plaintiff has not alleged any facts that would establish equitable tolling or estoppel.

Based on these deficiencies in the amended complaint, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.

**III.  Motion to Strike.**

Defendant moves to strike Plaintiff's surreply (Doc. 15) to the motion to dismiss. Because the Court will grant the motion to dismiss and Plaintiff's surreply has no bearing on the outcome of that motion, the motion to strike (Doc. 16) will be denied as moot.

**IV. Leave to Amend.**

The Court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15. In this Circuit, a pro se litigant must be given leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996).

If the Court is correct in concluding that Plaintiff alleges a violation of the ADA and has not first filed a timely charge of discrimination with the EEOC, it appears that the deficiencies in her amended complaint cannot be cured by further amendment. The Court, however, recognizes the possibility that Plaintiff may be able to allege facts that establish equitable tolling or estoppel, or that Plaintiff is alleging a cause of action other than employment discrimination.

In the interest of justice, the Court will dismiss the amended complaint without prejudice and grant leave to file a second amended complaint. Plaintiff shall have until **March 9, 2012** to file a second amended complaint. This will be Plaintiff's final opportunity to amend her complaint.

For purposes of the second amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires, in pertinent part:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Plaintiff is further advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other

litigants."). The Federal Rules of Civil Procedure are available at the following Internet website: www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained in the Clerk's Office is also available online at the Court's Internet website: www.azd.uscourts.gov (follow the hyperlink titled "Rules/General Orders"). If Plaintiff fails to prosecute this action, or fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

**IT IS ORDERED:**

1. The motion to dismiss (Doc. 10) is **granted**.

2. The motion to strike (Doc. 16) is **denied** as moot.

3. The amended complaint (Doc. 5) is **dismissed** without prejudice for failure to state a claim upon which relief may be granted.

4. Plaintiff shall have until **March 9, 2012** to file, consistent with this order, a second amended complaint. The Clerk is directed to **terminate** this action without further order of the Court if Plaintiff fails to meet this deadline.

Dated this 21st day of February, 2012.

_____
David G. Campbell
United States District Judge