**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mirisa Ajanovic,<br><br>                Plaintiff,<br><br>v.<br><br>O.F.F. Enterprises, Ltd.,<br><br>                Defendant. | No. CV10-02487-PHX-DGC<br><br>**ORDER** |

      Plaintiff Mirisa Ajanovic commenced this action by filing a pro se complaint against Defendant O.F.F. Enterprises, Ltd., on November 17, 2010. Doc. 1. The original complaint was dismissed without prejudice for lack of subject matter jurisdiction on February 25, 2011. Doc. 4. Plaintiff filed a first amended complaint on February 28, 2011. After a lengthy delay during which Plaintiff did not serve Defendant, and on Defendant's motion after Defendant was served, the Court dismissed the first amended complaint for failure to state a claim. Doc. 17. The Court found that Plaintiff failed to file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), a prerequisite to asserting a claim under the Americans with Disabilities Act ("ADA"). Doc. 17 at 2-3. The Court granted Plaintiff leave to amend, and Plaintiff filed a second amended complaint on February 22, 2012. Doc. 18.

      Defendant now moves to dismiss the second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 19. Plaintiff has filed a document captioned "Motion to Dismiss the Second Amended Complaint (Doc. 19)," which the Court construes as a response to Defendant's motion to dismiss. Doc. 21.

Defendant has filed a reply. Doc. 22. The parties have not requested oral argument. For the reasons that follow, the Court will grant the motion to dismiss.

**I.     Legal Standard.**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can be either a facial or factual attack on the allegations. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack occurs when the moving party asserts that the allegations contained in the complaint are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* If the attack on jurisdiction is facial, the complaint's factual allegations are taken as true and construed in favor of the non-moving party. *Jacobson v. Katzer*, 609 F. Supp. 2d 925, 930 (N.D. Cal. 2009) (citing *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). If the attack is factual, the plaintiff's allegations are not entitled to a presumption of truthfulness, a court may look beyond the pleadings to resolve factual disputes, and the plaintiff has the burden of proving that jurisdiction exists. *Safe Air for Everyone*, 373 F.3d at 1039.

Dismissal is appropriate under Rule 12(b)(6) where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

A court should apply less stringent pleading standards to pro se plaintiffs, such that inartful pleadings are still considered by the court. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("*Pro se* complaints are to be construed liberally and 'may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (citations omitted).

**II.   Discussion.**

Plaintiff's second amended complaint explains that she is experiencing financial difficulty due to loss of income and is concerned about housing and rent payments. Doc. 18 at 2.  She appears to have lost custody of her child, and worries about her child's safety and education.  *Id.*  The Court is sympathetic to Plaintiff's concerns.

Pursuant to federal statutes, however, the Court has subject matter jurisdiction only over cases that present federal questions, 28 U.S.C. § 1331, or diversity of citizenship among the parties where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  The second amended complaint asserts no federal claim, nor does it purport to assert diversity jurisdiction.  Indeed, Plaintiff's the complaint does not assert any cognizable legal claim.  Plaintiff clarifies that she does not allege a violation of the ADA.  *Id.*  She claims that Defendant did not provide her with a disability form,[1] and that Defendant denied her the right to work.  *Id.*

Defendant argues that even if a basis for federal jurisdiction were stated, any claim that Plaintiff may be trying to state is now time-barred.  Doc. 19 at 2.  Plaintiff's prior complaints indicate that she was terminated from employment on November 16, 2006 (Doc. 1 at 2), November 1, 2006 (Doc. 5 at 1), or January 11, 2006 (*id.*).  Even assuming the latest alleged date is accurate, Plaintiff waited four years before filing this action on

---

[1] To the extent that Plaintiff references the Court's prior order, which dismissed the first amended complaint due to Plaintiff's failure to obtain a right-to-sue letter (Doc. 17 at 3), Plaintiff was required to obtain this letter from the EEOC by filing a charge with that agency within 180 days of the date of the alleged discrimination.  *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e), (f).  Defendant is not responsible for issuing a right-to-sue letter.

November 17, 2010. Arizona statutes impose a two-year statute of limitations for tort actions, A.R.S. § 12-542, and a one-year statute of limitations for breach of employment contract and wrongful termination actions, A.R.S § 12-541.

In response to Defendant's motion, Plaintiff explains that she did not become aware of a possible claim under the Employee Retirement Income Security Act ("ERISA") until April 27, 2012. Doc. 21 at 1. She asserts a right to benefits or a right to work. *Id.* But there is no ERISA claim in Plaintiff's second amended complaint, and a response to a motion to dismiss is not the proper venue for Plaintiff to assert new claims. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original). Even if the Court were to consider Plaintiff's ERISA claim, Plaintiff has not alleged in her second amended complaint or in her response that she was a participant in or a beneficiary of a benefit plan during her employment by Defendant.

The Court will grant the motion to dismiss because the allegations in Plaintiff's second amend complaint are insufficient on their face to invoke federal jurisdiction, and because Plaintiff has not stated any cognizable claim for relief.

**III.   Leave to Amend.**

The Court recognizes its obligation to give leave to amend a pleading freely when justice requires, Fed. R. Civ. P. 15, and to "ensure that pro se litigants do not unwittingly fall victim to procedural requirements," *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996). But the Court has twice granted Plaintiff leave to amend, and she has failed in the two resulting complaints, as well as her first complaint, to state a claim within the jurisdiction of this Court. Having considered the allegations in Plaintiffs' various complaints, it is clear to the Court that additional opportunities to amend would be futile. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (holding that a pro se litigant in this Circuit must be given leave to amend "unless it is absolutely clear

that the deficiencies of the complaint could not be cured by amendment"); *see also Ahlmeyer v. Nevada Sys. Of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) (holding that "futility of amendment alone can justify the denial of [leave to amend]"). The Court will grant the motion to dismiss without leave to amend.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 19) is **granted**.
2. The Clerk shall terminate this action.

Dated this 18th day of June, 2012.

_____
David G. Campbell
United States District Judge